**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard P Zuckerman, | No. CV-20-00842-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Donald J Trump, et al., | |
| Defendants. | |

Pending before the Court are Defendant Governor Douglas A. Ducey's Partial Motion to Dismiss (Doc. 9) and Motion for Judicial Notice (Doc. 8). Also pending before the Court is, Defendant President Donald J. Trump's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 14). For the following reasons, Governor Ducey's Motions will be granted, and President Trump's Motion will be taken under advisement.

## BACKGROUND

Plaintiff brings this action in response to Governor Ducey and President Trump's reactions to the ongoing COVID-19 pandemic. Plaintiff alleges that Governor Ducey issued orders subjecting Arizona residents to "home confinement" and that President Trump similarly ordered all "denizens in the U.S.A. to stay home, maintain social distance from others, [and] wear a face covering." (Doc. 1 at 8.) Plaintiff further claims that these "coronavirus precautions" deny Plaintiff "federal constitutional right(s), federal common

law, state common law, state constitutional right(s), to be let alone, to assemble in public, to travel, such as to visit a park or health club, to pursue higher education, to pursue administrative appeals, to visit the public libraries and college libraries in order to put together an application of a U.S. Presidential Pardon." (Doc. 1 at 13.) Defendants Governor Ducey and President Trump filed individual Motions to Dismiss Plaintiff's claims.

## DISCUSSION

### I. Governor Ducey's Motion to Dismiss

Governor Ducey contends that this Court lacks personal jurisdiction over him because Plaintiff did not substantially comply with Federal Rule of Civil Procedure ("Rule") 4's requirements for effective service. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule] 4."). When a defendant challenges service, the plaintiff bears the burden of establishing that service was valid under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Under both the Arizona and Federal rules, an individual may be served by personal service, by leaving a copy at an individual's dwelling with a person of suitable age and discretion who resides there, or by serving an authorized agent. *See* Fed. R. Civ. P. 4(e); Ariz. R. Civ. P. 4.1(d). Here, Plaintiff attempted to serve Governor Ducey via certified mail.[1] Governor Ducey claims that "[c]ertified mail is not a valid method of service, and thus, service [in this case] does not substantially comply with the requirements of Rule 4." (Doc. 9 at 4.) Rather than asserting service by certified mail constitutes substantial compliance with Rule 4, Plaintiff concedes his attempted service was improper and urges the Court to "excuse the technical violation." (Doc. 12 at 2.)

This Circuit has held that failure to comply with Rule 4's explicit service

---

[1] Plaintiff's proof of service (Doc. 6) contains certified mail receipts and "Proof of Service" forms that appear to suggest Governor Ducey and the Arizona Attorney General were personally served by Jackie McNellis. Governor Ducey, however, asserts that neither he nor an authorized agent were personally served in this matter. In his Response to Governor Ducey's Motion to Dismiss, Plaintiff concedes that he did not personally serve Governor Ducey or an authorized agent, and instead only attempted service via certified mail.

- 2 -

requirements does not require dismissal. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). If "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed," the service is deemed substantially complaint with Rule 4. *Id.* Governor Ducey concedes factors (a) and (b) are met. Plaintiff, however, fails to assert any justifiable excuse for his error. Notably, Plaintiff has still failed to properly serve Governor Ducey despite being put on notice of his deficiency before the time for proper service expired. Similarly, Plaintiff fails to claim he will experience any prejudice if his complaint is dismissed. It is not clear from the complaint which of Governor Ducey's executive orders Plaintiff takes issue with. However, many of Governor Ducey's executive orders predating the filing of the complaint, including EO 2020-18 which implemented a "Stay home, Stay healthy, Stay connected" policy, are no longer in effect[2]; therefore, any claim to enjoin the enforcement of the expired orders is now moot. Finding no indication any prejudice will occur if Plaintiff's complaint is dismissed, Governor's Ducey's Motion to Dismiss is granted.[3]

## II.     President Trump's Motion to Dismiss

President Trump contends that Plaintiff has not alleged a claim of sufficient substance to support federal jurisdiction. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to

---

[2] Federal Rule of Evidence 201 permits the Court to take judicial notice of a fact "this is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Governor Ducey requests that this Court take judicial notice that he has issued certain executive orders on particular dates that contain the language stated therein. Governor Ducey does not request the Court to take judicial notice of the truth of any matter asserted in the executive orders. Finding that government publications are the proper subject of judicial notice, Governor Ducey's request is granted. In granting this request, the Court takes judicial notice that Governor Ducey issued EO 2020-36 on May 12, 2020 which expressly deems EO's 2020-18, 2020-24, and 2020-33 "expired and rescinded."

[3] Governor Ducey also argues that Plaintiff's complaint must be dismissed for failure to state a cognizable claim. The Court, however, need not reach this argument in light of the absence of personal jurisdiction over Governor Ducey resulting from insufficient service.

be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (internal citations omitted); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

Plaintiff appears to allege that President Trump's "National Emergency order for all denizens in the U.S.A. to stay home, maintain social distance from others, [and] wear a face covering," denies Plaintiff his "federal constitutional right(s) . . . to be let alone, to assemble in public, to travel . . ." (Doc. 1 at 8, 13.) President Trump denies issuing such an order and the Court is similarly unaware any such order is in place.[4] However, the Court is hesitant to conclude Plaintiff's claims are "wholly insubstantial and frivolous" before providing this *pro se* Plaintiff an opportunity to show the contrary. Thus, Plaintiff has until September 8, 2020 to show cause to this Court why his claims are not wholly insubstantial by pointing to some official proclamation, declaration, order, or the like in which President Trump requires persons within the United States to take the precautions alleged in the complaint.[5]

## CONCLUSION

Plaintiff has failed to properly serve Governor Ducey and similarly failed to demonstrate why his error in service should be excused. As a result, this Court lacks personal jurisdiction over Governor Ducey and his Motion to Dismiss is granted. Plaintiff's claims against President Trump appear to be devoid of merit because they make allegations

---

[4] It is generally known within the trial court's territorial jurisdiction that President Trump has not issued any government publication requiring persons within the United States to stay home, maintain social distance from others, or wear a face covering. The existence or non-existence of such a publication is the type of fact appropriate for judicial notice under Fed. R. Evid. 201. *See supra* n.2.

[5] President Trump also argues that Plaintiff's complaint should be dismissed for failure to state a cognizable claim. The Court, however, may not reach this argument before determining it has subject matter jurisdiction over the suit.

contrary to facts generally known. However, out of an abundance of caution, the Court grants Plaintiff the opportunity to show cause why his claims are not frivolous so as to deprive this Court of subject matter jurisdiction.

**IT IS HEREBY ORDERED** that Defendant Governor Douglas A. Ducey's Motion to Dismiss (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Governor Douglas A. Ducey are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to amend the docket to reflect that Governor Douglas A. Ducey was not properly served within the time required by Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Defendant Governor Douglas A. Ducey's Motion for Judicial Notice (Doc. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant President Donald J. Trump's Motion to Dismiss (Doc. 14) is taken under advisement.

**IT IS FURTHER ORDERED** that no later than **September 8, 2020** Plaintiff Richard Zuckerman show cause as to why his complaint should not be dismissed for lack of subject matter jurisdiction in this Court.

Dated this 25th day of August, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge